# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 21-11431 |
| Kimberlee Ann Washburn, ) | Chapter 13 |
| ) | Judge Baer |
| Debtor. ) | |

### REGULATORY COMPLIANCE ASSOCIATES, INC.'S RESPONSE TO DEBTOR'S OBJECTION AND SUPPLEMENTAL OBJECTION TO CLAIM NO. 4

NOW COMES Regulatory Compliance Associates Inc. ("RCA") by and through its attorneys, Carlson Dash, responds to Debtor's objection and supplemental objection to RCA's Claim No. 4, and states as follows:

1. Kimberlee Annn Washburn (the "Debtor" or "Washburn") filed her Chapter 13 Voluntary Bankruptcy Petition on October 5, 2021.

2. RCA filed its Proof of Claim on December 2, 2021 for a claim amount of $185,286.39.

3. The basis of the claim is a Default Judgment Order entered in Wisconsin on July 10, 2017 in Kenosha County Circuit Court. A copy of the Wisconsin Judgment Order is attached hereto as **Exhibit A**.

4. The Default Judgment Order entered in favor of RCA and against Washburn was in the total amount of $203,970.00, of which $67.990.00 was for Counts III, IV, and V of RCA's First Amended Complaint and $135,980.00 for punitive damages.

5. The Judgment was authenticated on July 17, 2017. A copy of the Authentication of Court Record is attached hereto as **Exhibit B**.

6. On July 27, 2017, RCA's sent a notice to the Circuit Court of Kane County, Illinois to domesticate the Judgment. The Judgment to domesticate was filed by the Clerk on July

1

28, 2017 in Illinois. A copy of the Official Receipt from Kane County, Illinois is attached as **Exhibit C**.

7. On December 13, 2021, Debtor filed her Objection to [RCA's Proof Of] Claim No. 4.

8. On December 16, 2021, Debtor filed her Supplemental Objection to Claim No. 4.

9. Washburn argues in her objection that RCA's claim "should be disallowed in part because the sole basis of its [RCA's] claim is a default judgment by a Wisconsin State Court. Because a Default Judgment was entered against the Debtor, a determination of actual damages was not 'actually litigated.'" *See Debtor's Supplemental Objection to Claim No. 4, 1 ¶*.

10. The Debtor's objections proceed to argue the recalculation of Judgment figures and cites to *In Re Nikitas, 326 B.R. 127, 130 (Bankr. N.D. Ill. 2005)* claiming that actual damages were not "actually litigated" and alleges that no collateral estoppel exists.

11. We respectfully disagree with Washburn's misuse of the *In re Nikitas* case and believe that collateral estoppel does apply to Washburn's case.

12. *In re Nikitas*, was a 2005 Northern District of Illinois Bankruptcy Court case whereby the Creditor, Clear Channel, obtained an arbitration award against Nikitas and the award was confirmed by the court as a default judgment. Clear Channel moved for a motion for summary judgment in the adversarial proceeding based on collateral estoppel which was denied by the court. *See In re Nikitas, 326 B.R. 127, 129 (Bankr. N.D. Ill. 2005)* attached as **Exhibit D** for reference.

13. Clear Channel's motion for summary judgment was to "render Nikitas' debt to Clear Channel nondischargable as a debt based on fraud, see 11 U.S. C. §523(a)(2)(A), and that Nikitas is collaterally estopped to relitigate those facts." *Id*.

14. The ruling from *In re Nikitas* does not apply in Washburn's case because *Nikitas* involved the use of collateral estoppel during a determination of nondischargability under 11 U.S.C. §523(a)(2)(A).  In Washburn's case, there is no question as to whether the debt is dischargable because this Court already entered a Judgment Order on January 9, 2019 in Washburn's previous bankruptcy case where the Court found that the debt owed to RCA in the amount of $203,970.00 is nondischargable pursuant to 11 U.S.C. §523(a)(2)(A). A copy of the Default Judgment Order under Bankruptcy Petition 18-16345 is attached hereto as **Exhibit E**.

15. Furthermore, the decision in *In re Nikitas* occurred during an adversarial proceeding. That is not the case in the Washburn bankruptcy.

16. In sum, the facts of *In re Nikitas* and the ruling made in relation to those facts do not apply to Washburn's case. Therefore, collateral estoppel does in fact prevent Ms. Washburn from relitigating her judgment amount.

17. Even if this case found *In re Nikitas* applicable here, the damages were "actually litigated" in the Wisconsin state court.

18. A 11th Circuit Court of Appeals evaluating the ruling of *In re Nikitas* as it relates to a determination of a case rising under Illinois law states, "…there is a difference between a default judgment entered when the defendant fails to appear or answer the complaint, and one entered after the defendant appeared, answered the complaint, asserted affirmative defenses, and filed an answered motions. We do not believe that Illinois would decide that, in the latter situation, the issue could never be actually litigated. To decide so would allow parties to substantially litigate a claim, realize the case was not going their way, refuse to participate in the case any further, draw a default judgment and then escape the

3

preclusive effect of that judgment because it was entered by default. There is no reason to believe Illinois would invite such gamesmanship." *See Creech v Viruet (In re Creech, 782 Fed. Appx. 933, 937 (11th Cir. 2019)*, a copy is attached hereto as **Exhibit F**.

19. In Washburn's case, she had notice of the Wisconsin complaint because she was served with a copy of the amended complaint and summons through substitute service, Washburn filed her appearance in Wisconsin and filed her answer on February 9, 2017, RCA moved to strike the Washburn's answer for failure to adhere to Wisconsin Court Rules and Procedures, Wisconsin court granted RCA's motion and allowed Washburn 30 days to amend her answer, and Washburn did not file an amended answer.

20. Washburn ceased to further participate in the case by failing to file an amended answer which led to the Default Judgment in Wisconsin, the basis of RCA's proof of claim. She also had an opportunity to contest damages during the appeal window but did not.

21. Washburn did participate several times in the collections proceedings of the Default Judgment.

22. Therefore, Washburn had full and fair opportunity to participate in the Wisconsin Default Judgment case, but she refused to participate in the case any further, and she participated in the collections of that Judgment.

23. This case was "actually litigated" because Washburn participated in the early onset of the Wisconsin case and collateral estoppel applies to impede Washburn from attempting to litigate the damages under the Wisconsin Judgment and escape the Judgment amount.

24. Most importantly, the Full Faith and Credit Clause of the U.S. Condition requires all decisions from one state be honored in all other states. The Wisconsin Judgment, domesticated in Illinois, is in full force and effect in Illinois courts.

25. Washburn cannot excuse the Judgment because it was litigated in a different court.

26. Washburn's attempts to relitigate the Judgment amount and request for an evidentiary prove-up by RCA should be struck down.

27. The proof of claim submitted by RCA should be honored as it reflects the Judgment amount plus interest accrued since the date of Judgment, with the exception of the pause on interest during the pendency of her multiple bankruptcy filings.

28. RCA should not be required to prove damages through an evidentiary prove-up before the court's allowance of this claim as that would be re-litigation of the Wisconsin case which is a violation of collateral estoppel and the Full Faith and Credit Clause.

WHEREFORE, Regulatory Compliance Associates, Inc. respectfully prays that this court enter an Order:

1. Disallowing Debtor's objection to Claim No. 4;

2. Allowing Regulatory Compliance Associates, Inc.'s claim amount of $185,286.39 without an evidentiary prove-up of damages;

3. Requiring the Debtor to amend her bankruptcy plan to include the full amount of RCA's proof of claim and her proposed plan on repayment;

4. For any and all other relief as the Court deems just and proper.

Dated: January 18, 2021

Respectfully Submitted,
Regulatory Compliance Associates, Inc.

By: _____
One of its Attorneys

CARLSON DASH LLC
Kurt M. Carlson ARDC #6236568
C. Douglas Moran ARDC #6310780
Lina Toma ARDC #6333468
216 S. Jefferson Street, Suite 504
Chicago, Illinois 60661
Telephone: (312) 382-1600
E-mail: kcarlson@carlsondash.com
E-mail: cdmoran@carlsondash.com
E-mail: ltoma@carlsondash.com
